UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DEAN O. WULFF,                              )
                                            )
                        Plaintiff,          )        Case No. 1:04-cv-822
                                            )
v.                                          )        Honorable Gordon J. Quist
                                            )
PATRICIA CARUSO et al.,                     )
                                            )
                        Defendants.         )
_____)

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On December 28, 2004, after undertaking the review required by the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), 28 U.S.C. §1915A; 42 U.S.C. § 1997e(c), the Court dismissed Plaintiff's action for failure to state a claim on which relief could be granted (docket ##3, 4). Plaintiff filed a motion for reconsideration (docket #5), which was denied on February 4, 2005 (docket #6). The matter presently is before the Court on Plaintiff's motion for relief from judgment pursuant to FED. R. CIV. P. 60(b)(5).[1]

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other

_____

[1]This matter was referred by the District Judge for submission of a report and recommendation on Plaintiff's motion for relief from judgment (docket #8).

reason justifying relief from the operation of the judgment. When none of these first five enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Insurance Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

Petitioner's motion relies upon subsection (5), specifically in such part as it permits relief where "a prior judgment upon which [the judgment in issue] is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." FED. R. CIV. P. 60(b)(5). As the Supreme Court has held, "a party seeking modification [pursuant to 60(b)(5) ] may meet its initial burden by showing either a significant change either in factual conditions or in law." *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384(1992). Plaintiff suggests that the Supreme Court's decision in *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1248 (2005), amounts to a change in the law warranting relief from judgment in the instant case. Specifically, he suggests that the Supreme Court has authorized § 1983 challenges to the procedures utilized by the parole board, as long as the petitioner is not challenging the actual parole decision. Plaintiff therefore argues that the Court did not properly dismiss this § 1983 action for failure to state a claim.

First, Plaintiff's motion for relief from judgment is not properly brought as a challenge under FED. R. CIV. P. 60(b)(5). The Supreme Court's decision in *Wilkinson* did not constitute a change in the law. It merely affirmed the holding of the Sixth Circuit in *Dotson v. Wilkinson*, 329 F.3d 463 (6th Cir. 2003), that a challenge to parole procedures was cognizable in a § 1983 claim and was not barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been

"reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."). Because the *Wilkinson* decision did not constitute a change in the law, subsection (5) of FED. R. CIV. P. 60(b) is inapplicable to the instant case. Instead, the basis for relief argued by Petitioner must be construed as one of legal error, which is properly considered under subsection (1) as a type of mistake. *See Pierce v. United Mine Workers of Am. Welfare and Retirement Funds of 1950 and 1974*, 770 F.2d 449, 451 (6th Cir.1985) (citing *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir.1983)).

Under Rule 60(b)(1), the motion is not timely. A motion under Rule 60(b)(1) must be made within a reasonable time, not more than one year after the judgment or order was taken. FED. R. CIV. P. 60(b). The Sixth Circuit holds that a Rule 60(b) motion claiming legal error must be brought within the same time that an appeal may be filed. *Pierce*, 770 F.2d at 451; *Harris v. Ohio*, No. 973621, 1998 WL 939836, at *2 (6th Cir. Dec. 21, 1998) (petitioner had thirty days from the entry of the order dismissing his habeas petition to bring his appeal or file his Rule 60(b)(1) motion). Petitioner had thirty days in which to file an appeal. FED. R. APP. P. 4(a)(1). Petitioner did choose to appeal and did not seek relief from judgment within the appeal period.

Moreover, even had Petitioner's motion been timely filed, it would not warrant relief. The Supreme Court in *Wilkinson* did not in any way alter existing law on the issue of whether a state prisoner has a due process interest in parole. Instead, as previously noted, the Court merely determined that claims challenging parole procedures rather than results were not barred by *Heck*, 512 U.S. at 486-87, and were cognizable in § 1983 proceedings. *Wilkinson*, 125 S. Ct. at 1248. This Court, in dismissing Plaintiff's action, did not rely on *Heck* or its progeny. Instead, the Court properly found that Michigan law did not create a liberty interest protected by the Due Process

- 3 -

Clause. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc). That holding remains correctly decided.

Finally, Plaintiff seeks to amend his complaint at this late date to add new constitutional challenges. He argues that he already has paid his filing fee in this action and should be permitted to amend his complaint, notwithstanding the fact that the case has been closed for over five months and he failed to appeal the Court's decision. Plaintiff's motion is unavailing. The Court has no discretion in allowing amendment to avoid the dismissal of a case under the PLRA. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir.1997); *accord Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002); *Williams v. Johnson*, No. 02-6049, 2003 WL 264723, at *1 (6th Cir. Feb. 6, 2003). "If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should sua sponte dismiss the complaint. Section 1915A also provides for such sua sponte dismissals." *McGore*, 114 F.3d at 612. Plaintiff, therefore, may not amend his complaint, which was dismissed pursuant to § 1915A.

For the foregoing reasons, I respectfully recommend that the Court deny Plaintiff's motion for relief from judgment (docket #7).

Dated:  July 5, 2005          /s/ Hugh W. Brenneman, Jr.
                             Hugh W. Brenneman, Jr.
                             United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).